United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sonneet R. Kapila, Liquidating Trustee of the SMF Energy Liquidating Trust, Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Civil Action No. 14-61194-Civ-Scola<br>)<br>) |
| Grant Thornton, LLP, Defendant. | ) |

## Order on Motion for Reconsideration

Plaintiff Sonneet R. Kapila, as the liquidating trustee of the SMF Energy Liquidating Trust, asks the Court to reconsider its order granting partial summary judgment in Defendant Grant Thornton, LLP's favor. For the reasons that follow, the Trustee's motion (**ECF No. 28**) is **denied in part and granted in part**.

### 1. Standard of review

Contrary to the Trustee's suggestions, even in a pre-judgment posture, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). Certainly if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

## 2. The Trustee's motion for reconsideration is largely denied.

The Court granted partial summary judgment in Grant Thornton's favor based on the application of the *in pari delicto* doctrine to this case. The Trustee submits that the Court's order "contains manifest errors of law and fact" and should be vacated upon reconsideration. (Pl.'s Mot. at 6.) The bulk of the Trustee's argument, however, merely rehashes issues that the Court has already considered. The Trustee disagrees with the Court's evaluation of the facts, including which facts the Court deemed material and which it didn't, as well as the Court's application of the relevant law to these facts. The Trustee's criticisms of the Court's reasoning, however, even if valid, merely seek, for the most part, to relitigate issues that have already been decided.

For example, the Trustee submits that the Court's analysis of whether the parties were engaged in the "same wrongdoing" was "contrary to Florida law." (Def.'s Am. Mot. at 6.) However, in doing so, the Trustee merely rehashes arguments that were already considered by the Court. The Court, in its order, concluded that, for purposes of reviewing the parties' cross-motions for summary judgment, both parties were engaged in the same wrongdoing: to wit, the improper overbilling scheme and financial misrepresentations to SMF Energy's customers. The Trustee disagrees, finding that the requirement that the parties be engaged in the "same wrongdoing" is more nuanced. But the Court's and the Trustee's divergent views and interpretation of the relevant caselaw regarding the definition of the "same wrongdoing" do not, without more, warrant the Court's reconsidering its order.

Similarly, the Trustee quarrels with the Court's analysis of *Seidman & Seidman v. Gee*, 625 So. 2d 1, 3 (Fla. 2d DCA 1992). The Court relied on this case to support a number of points: to rebut the Trustee's argument that a defendant who has a duty to detect alleged wrongdoing is absolutely foreclosed from shielding itself from liability through an *in pari delicto* defense; that Florida law generally supports the notion that a corporation should be prevented from shifting responsibility for its own fraud to its auditors; and that Florida law looks to whether the wrongdoing was against third parties rather than the company itself. Again, the Trustee and the Court interpret this case differently: this was just as apparent when the Court considered the parties' objections to the bankruptcy court's report and recommendation as it is now. The Court and Trustee construe the findings and holdings of this case differently. Again, the mere existence of this tension does not amount to manifest error; merely a difference of opinion.

Likewise, the Trustee complains about the Court's treatment of his imputation arguments, contending that the Court gave the analysis "short

shrift." Again, the Trustee merely expresses his disagreement with the Court's evaluation of the issue. The same is true of the Trustee's complaint about the Court's consideration of whether SMF Energy's billing scheme was a detriment or a benefit to the company. The Trustee has not presented any valid justification for the Court's reconsideration of these issues.

Additionally, the Trustee raises some arguments for the first time in his motion for reconsideration. For example, the Trustee submits that Florida's comparative-fault statute indicates the state's legislative policy against applying the *in pari delicto* defense in cases like this. Without any justification for the issue not being raised sooner, the Court will not evaluate an argument for the first time on a motion to reconsider. The Trustee mentioned public-policy issues generally, and only in passing, without reference to the specific Florida statute, in both its motion for summary judgment and its objections to the report and recommendations. But the Court did not find the vaguely asserted proposition compelling in reviewing the bankruptcy court's report and recommendations and finds no reason to revisit that issue now.

Lastly, in its motion for reconsideration, the Trustee contends that the applicability of the *in pari delicto* defense in this case "is simply not a matter that can be adjudicated by summary judgment under these facts." (Def.'s Mot. at 9.) The Court notes that, not only is this a new argument, but it conflicts with the Trustee's summary-judgment motion wherein he argued the opposite, contending that the Court could, based on the undisputed facts, enter partial summary judgment in his favor on the *in pari delicto* defense issue. *In re SMF Energy,* Case No. 14-01162-RBR, Trustee's Motion for Partial Summ. J., Bankr. ECF No. 219, 2–3 (Jun. 13, 2016). The Court will therefore not consider the Trustee's arguments in this regard.

### 3. The Trustee's motion for reconsideration is granted in part.

The Trustee complains that the Court failed to consider his displacement argument. The Trustee did not raise this issue in his objections but did address it in his motion for summary judgment. To the extent that this part of the Trustee's argument required the Court's de novo review, as part of the Court's assessment of the *in pari delicto* issue, the Court considers it now.

Where a trustee or receiver of a corporation is the plaintiff rather than the corporation itself, the application of the *in pari delicto* doctrine becomes more complicated. Some courts have permitted receivers to pursue claims without being subject to an *in pari delicto* defense. *See Scholes v. Lehmann,* 56 F.3d 750, 754 (7th Cir. 1995) ("The appointment of the receiver removed the wrongdoer from the scene.") Most courts, however, have not extended this treatment to bankruptcy trustees. In other words, most courts have concluded

that a bankruptcy trustee, standing in the shoes of a debtor, is, unlike a receiver, subject to an *in pari delicto* defense. *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 358 (3d Cir. 2001) ("unlike bankruptcy trustees, receivers are not subject to the limits of section 541," which provides that the trustee "stands in the shoes" of the debtor). The Court is not persuaded by the Trustee that the unique facts in this case warrant departing from the substantial weight of binding and persuasive authority that favors allowing an *in pari delicto* defense to be asserted against a trustee in bankruptcy. *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1150 (11th Cir. 2006) ("If a claim of [the debtor] would have been subject to the defense of *in pari delicto* at the commencement of the bankruptcy, then the same claim, when asserted by the trustee, is subject to the same affirmative defense."); *e.g.*, *Pearlman v. Alexis*, No. 09-20865-CIV, 2009 WL 3161830, at *4 (S.D. Fla. Sept. 25, 2009) (Hurley, J.) (acknowledging that "the defense has been asserted effectively against trustees" though "it usually does not apply in cases involving court-appointed receivers").

### 4. Conclusion

As detailed above, the Court **denies in part and grants in part** the Trustee's amended motion for reconsideration. (**ECF No. 28**). Although the Court has reconsidered one aspect of its order, it reaches the same result and therefore does not disturb its order on the bankruptcy court's report and recommendation (ECF No. 20).

**Done and ordered**, in chambers at Miami, Florida, on August 23, 2017.

_____
Robert N. Scola, Jr.
United States District Judge