United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Soneet R. Kapila, Liquidating Trustee of the SMF Energy Liquidating Trust, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 14-61194-Civ-Scola ) ) |
| Grant Thornton, LLP, Defendant. | ) |

### **Order Granting Rule 54(b) Certification**

Plaintiff Soneet R. Kapila in his capacity as Liquidating Trustee (the "Trustee"), in accordance with Federal Rule of Civil Procedure 54(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7054, moves on an unopposed basis for this Court to enter final judgment on counts one, two, and three of the Trustee's complaint against Defendant Grant Thornton, LLP ("Grant Thornton"), so the Trustee can immediately appeal the Court's March 9, 2017 Order (ECF No. 20) to the Eleventh Circuit Court of Appeals. For the following reasons, the Court **grants** the requested relief (**ECF No. 42**).

1. **Procedural Background**

On February 7, 2014, the Trustee filed suit against Grant Thornton alleging claims for professional negligence (count one); negligent misrepresentation (count two); aiding and abetting breach of fiduciary duty (count three); recovery of avoidable transfers arising out of auditing, accounting, and other services provided by Grant Thornton to the Debtors (counts four and five); and turnover of certain records (count 6 (now moot)).

The Trustee and Grant Thornton moved for partial summary judgment relating to counts one through three. (Bankr. ECF Nos. 219, 234, 235, 236, 247, 248, 249, 252, 254).[1] The summary judgment proceedings focused in large part on Grant Thornton's assertion of the *in pari delicto* affirmative defense in response to counts one through three of the Trustee's complaint. On October 12, 2016, the bankruptcy court entered its report and recommendation to this Court, recommending that this Court deny summary

---

[1] References to "ECF No. __" are to this Court's docket. References to "Bankr. ECF No. __" are to the Bankruptcy Court's docket in adversary proceeding number 14-01162-RBR. (Bankr. S.D. Fla.)

judgment for both the Trustee and Grant Thornton. (Bankr. ECF No. 266). On March 9, 2017, this Court entered its order accepting in part and rejecting in part the bankruptcy court's report and recommendation. (ECF No. 20). The order rejected the portion of the bankruptcy court's report and recommendation which denied summary judgment for Grant Thornton, and granted summary judgment for Grant Thornton. The order found that counts one through three were barred by the doctrine of *in pari delicto*. The Trustee sought reconsideration of this Court's order which was denied in part and granted in part. (ECF No. 41). However, the result of the original order remains the same: Grant Thornton was granted summary judgment on counts one through three. Counts four and five of the Trustee's complaint relating to avoidable transfers remain and are subject to jury trial that is not currently set.

### 2. Legal Standard

Rule 54(b) provides that the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The rule "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). "To obtain certification under Rule 54(b) there must be (1) a final judgment disposing of at least one party or claim, and (2) an express 'no just reason for delay' determination by the district court." *Reesey v. Fed. Emergency Mgmt. Agency*, No. 13-60488-CIV, 2013 WL 12086663, at *1–2 (S.D. Fla. Aug. 29, 2013) (Scola, J.) (citing Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). *See Lloyd Noland Found., Inc., v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). *Cf. United Techs. Corp. v. Heico*, 60 F. Supp. 2d 1306, 1307–09 (S.D. Fla. 1999) (Roettger, J.) ("The requirements of Rule 54(b) may be broken down to three: that there are multiple claims or parties, that at least one of the claims is finally decided, and that there is no just reason to delay appeal of the individual final judgments"), *appeal dismissed*, 232 F.3d 909 (Fed. Cir. 2000).

The parties agree that "there is no just reason for delay" and that Rule 54(b) certification is warranted in this case. "As the parties do not dispute the 'finality' of the summary judgment order for purposes of Rule 54(b), the sole determination for this Court is whether there is 'no just reason for delay.'" *Larach v. Standard Chartered Bank Int'l (Ams.) Ltd.*, No. 09-21178-CIV, 2012 WL 4168333, at *1–2 (S.D. Fla. Sept. 18, 2012) (Scola, J); *accord Reesey*, 2013

WL 12086663, at *2 ("As the parties do not dispute the "finality" of the order on State Farm's motion to dismiss for purposes of Rule 54(b), the sole determination for this Court is whether there is 'no just reason for delay.'"). Beyond that agreement, this Court's order granting summary judgment on counts one through three is "'final' in the sense that it is 'an ultimate disposition of [those] individual claim[s] entered in the course of a multiple claims action,'" and a "'judgment' in the sense that it is a decision upon a cognizable claim for relief." *Curtiss-Wright Corp.*, 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

3. **Rule 54(b) certification is warranted because counts one through three are separable from the remaining statutory claims; the dispositive issue on appeal will neither be mooted nor required to be decided a second time in connection with the remaining claims; and an appellate resolution of counts one through three will facilitate any possibility of settlement of all claims.**

The second determination—that there is "no just reason for delay"—rests in a district court's discretion. *Reesey*, 2013 WL 12086663, at *1 (citing *Sears, Roebuck*, 351 U.S. at 473; *Lloyd Noland*, 483 F.3d at 778). Rule 54(b) certification is appropriate as necessary to address the "pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi*, 114 F.3d at 166 (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). Although Rule 54(b) certification is not granted casually, a district court's determination as to "no just reason for delay" is afforded considerable deference. *In re Se. Banking Corp.*, 69 F.3d 1539, 1546 (11th Cir. 1995). A district court's "assessment that there is 'no just reason for delay'" will not be disturbed "unless the court's conclusion was 'clearly unreasonable.'" *Id.* (citations omitted). To be entitled to deference, however, the district court "should support [its] conclusion by clearly and cogently articulating its reasoning, together with the supporting factual and legal determinations." *Ebrahimi*, 114 F.3d at 166.

Because the determination requires the court to "balance judicial administrative interests and relevant equitable concerns," *Id.* at 166, a district court may "consider any factor that seems relevant to a particular action." *See* 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, A. Benjamin Spencer, Adam N. Steinman, Fed. Prac. & Proc. Civ. § 2659 (3d ed. 2017 Supp.). When considering judicial administrative interests, courts analyze the separability of claims, and whether the appellate court would be required to decide the same issues in a subsequent appeal." *Reesey*, 2013 WL 12086663, at *2 (citing *Curtiss-Wright Corp.*, 446 U.S. at 6, 8); *United Techs.*

*Corp.*, 60 F. Supp. 2d at 1308. Where the potential for multiple appeals on the same or similar issues does not exist, judicial administrative interests counsel in favor of Rule 54(b) certification. *Ebrahimi*, 114 F.3d at 167.

Here, the Court finds that counts one through three are separable from the remaining claims. Counts one through three are state-law claims for negligence, negligent misrepresentation, and aiding and abetting a breach of fiduciary duty; counts four and five are claims for avoidance of transfers derived from the Bankruptcy Code and the Florida Statutes. The two groups of claims seek different forms of relief and different recoveries. Most importantly, the dispositive legal issue underlying the Court's summary judgment order—the applicability of *in pari delicto*—does not, as a matter of law, apply to the remaining statutory claims for avoidance of transfers. *See Gecker v. Goldman Sachs & Co. (In re Automotive Professionals, Inc.),* 398 B.R. 256, 262-63 (Bankr. N.D. Ill. 2008) (*in pari delicto* does not apply to claims for fraudulent transfers or preference claims); *Wedtech Corp. v. Nofziger,* 88 B.R. 619, 622 (Bankr. S.D. N.Y. 1988) (same). Further proceedings on counts four and five in this Court will not moot the need for appellate review of the Court's summary judgment order on counts one through three. Accordingly, "there is little danger that the Eleventh Circuit would have to decide the same issues likely to arise in a future appeal based upon Plaintiffs' remaining claims;" so "[c]ertifying this case would not place a strain on appellate resources." *Reesey,* 2013 WL 12086663, at *2. Thus "the separability of the claims here favors entry of final judgment." *Id.* (certification granted because insurance policy underlying dismissed claim was "irrelevant to Plaintiffs' claim" based on a separate policy).

Additionally, counts one through three are significantly larger claims than counts four and five. The Trustee's claimed damages on counts one through three are approximately $100 million; the damages sought in the remaining claims are approximately $1.2 million. The parties have addressed millions of pages of discovery, conducted twenty-nine fact-witness depositions, conducted expert discovery on seven experts, and incurred millions of dollars of fees in litigating counts one through three. That dynamic is important because settlement may be unlikely absent a final appellate ruling. The fact that an "an appellate resolution of [a party's] original and decided claims may well facilitate a settlement" is relevant when "considering equitable interests." *United Techs.*, 60 F. Supp. 2d at 1308-09. Indeed, "[t]his fact alone could merit certification." *Id.* at 1309. *See Curtiss-Wright Corp.*, 446 U.S. at 8 n. 2 (the possibility that "an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims" could outweigh other factors and justify Rule 54(b) certification).

Finally, a Rule 54(b) certification could avoid the need for two separate trials in this case (one for the avoidance actions and another for the professional negligence claims if the Eleventh Circuit revives those claims). Because the claims are separable, and the *in pari delicto* defense is not applicable to the avoidance claims, a trial on the avoidance claims will not resolve the state law negligence-based claims and vice versa. Absent Rule 54(b) certification, the proverbial tail will be wagging the dog. The parties and the Court will be obligated to expend time, money and resources on the remaining claims litigating a tiny part of the amounts and issues in controversy, while the guts of the controversy lie in wait. On the other hand, the issues that would be decided on an immediate appeal will not need to be revisited by this Court or the Eleventh Circuit in connection with the remaining claims. This is an appropriate case for Rule 54(b) certification. Indeed, it presents circumstances that invoke the very purpose of Rule 54(b).

### 4. Conclusion

Upon the Court's finding and certification, in accordance with Rule 54(b), that there is no just reason to delay entry of judgment with respect to the discrete ruling and claims identified above, **final judgment is entered** solely with respect to the ruling and claims identified in this Court's March 9, 2017 Order (disposing of **counts one through three**). (ECF No. 20)

**Done and ordered**, in chambers at Miami, Florida, on January 30, 2018.

_____
Robert N. Scola, Jr.
United States District Judge