UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 0:14-cv-61194-Civ-Scola

SONEET R. KAPILA, Liquidating Trustee
of the SMF Energy Liquidating Trust,

    Plaintiff,

v.

GRANT THORNTON LLP, an Illinois
Limited Liability Partnership,

    Defendant
                                                  /

## DEFENDANT GRANT THORNTON LLP'S REPLY IN SUPPORT OF ITS MOTION TO TAX COSTS ADDRESSING DEFERRAL

This Court directed that Grant Thornton LLP file a reply in support of its motion to tax costs, limited to addressing the Trustee's request that the Court defer consideration of the motion pending resolution of the Trustee's appeal to the U.S. Court of Appeals for the Eleventh Circuit. The Court should not stay consideration of Grant Thornton's motion because the Trustee's request is both procedurally improper and wrong on the merits. And if the Court does decide to enter a stay, it should require the Trustee to pose a supersedeas bond in the amount of Grant Thornton's requested costs.

**I.    THE TRUSTEE'S REQUEST IS PROCEDURALLY IMPROPER**

The Trustee concedes, *see* Pl.'s Opp. Grant Thornton LLP's Mot. to Tax Costs at 3, ECF 55 (Apr. 2, 2018), that his filing of a notice of appeal to the Eleventh Circuit did not divest this Court of jurisdiction to decide matters collateral to the appeal, including requests for costs and fees, *Mahone v. Ray*, 326 F.3d 1176, 1179–80 (11th Cir. 2003); *Briggs v. Briggs*, 260 Fed. App'x 164, 165 (11th Cir. 2007). "It is well settled in this circuit that costs may be taxed after a

notice of appeal has been filed." *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982).

This Court's local rules specifically envision resolving collateral fee disputes during the pendency of any appeal. *See* S.D. Fla. L. R. 7.3(a) (requiring fee requests to be filed within 60 days of judgment "regardless of the prospect or pendency of . . . appellate proceedings"). There are "strong policy considerations [in] favor [of] Local Rule 7.3's approach." *Carreras v. PMG Collins, LLC*, No. 12-cv-23150, 2013 WL 1337151, at *2 (S.D. Fla. Mar. 29, 2013). There is no reason to delay ruling on Grant Thornton's motion.

For one thing, as the Court correctly observed in its briefing order, the Trustee's request for a stay is not properly before the Court. "A request for a court order *must be made by motion*." Fed. R. Civ. P. 7(b)(1) (emphasis added). The proper way for the Trustee to request deferring proceedings would have been to file a motion to stay upon Grant Thornton's motion to tax costs. *See City of Fort Lauderdale v. Scott*, No. 10-cv-61122, 2013 WL 773471, at *1 (S.D. Fla. Feb. 28, 2013) (considering, together, a "Costs Motion" and a "Stay Motion" (quotation marks omitted)). The Court would be justified in denying the Trustee's request for being procedurally improper.

## II.     THE TRUSTEE HAS NOT SHOWN THAT HE IS ENTITLED TO A STAY

Even if the Trustee's stay request were procedurally proper, the request also fails on its merits. "This Court's regular practice . . . is *not* to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." *King Cole Condominium Ass'n v. QBE Ins. Corp.*, No. 08-cv-23350, 2010 WL 3212091, at * 1 (S.D. Fla. Aug. 12, 2010). Courts considering whether to stay collateral proceedings pending appeal, including a motion to tax costs, consider: "(1) whether the movant is likely to prevail on

the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay or injunction; (3) whether the other party will suffer substantial harm if the stay or injunction is issued; and (4) whether the stay or injunction is adverse to the public interest." *Breedlove v. Hartford Life & Acc. Ins. Co.*, No. 6:11-cv-991, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013). These factors do not support a stay.

The Trustee is not likely to succeed on his appeal. This Court's order awarding Grant Thornton summary judgment is well reasoned and firmly supported by Florida law. *See* ECF 20 at 3. Under Florida law, "'[w]here it is shown, without dispute, that a corporate officer's fraud intended to and did benefit the corporation, to the detriment of outsiders, the fraud is imputed to the corporation and is an absolute defense to the corporation's action against its accounting firm for negligent failure to discover the fraud.'" *Id*. (quoting *Seidman & Seidman v. Gee*, 625 So.2d 1, 3 (Fla. 2d DCA 1992)). As the Court recognized, "[h]ere, there is no dispute that SMF Energy was overbilling its customers," and "[b]y the Trustee's own allegations in the complaint, this invoice subterfuge was intended to, and did, benefit SMF Energy." *Id*. Under Florida law, *in pari delicto* is a complete bar to Counts I, II, and III.

As another judge of this Court has explained:

> Indulging in a presumption that the judgments and dismissals by this Court, after a thoroughly litigated and intensively briefed and argued case by very experienced lawyers may be reversed, is not sufficient to justify depriving a prevailing party of the determination of its entitlement to fees and costs and the protection of a supersedeas bond.

*Hartford Acc. & Indem. Co. v. Crum & Forster Specialty Ins. Co.*, No. 10-cv-24590, 2012 WL 3291986, at *4 (S.D. Fla. Aug. 13, 2012).

There is no possibility that the Trustee will suffer irreparable harm if the Court denies his request for a stay. Grant Thornton seeks to collect money, the loss of which is never an

irreparable harm.  *Winmark Corp. v. Brenoby Sports, Inc.*, 32 F. Supp. 3d 1206, 1223 (S.D. Fla. 2014) (Scola, J.) ("When an injury is compensable through money damages, the harm is, by definition, not irreparable.").  If the Court grants Grant Thornton's motion to tax costs but the Trustee eventually prevails on appeal, he can file his own bill of costs and potentially get the money back.  "The possible need to transfer money more than once does not equate to a showing of irreparable harm."  *Breedlove*, 2013 WL 361825, at *2 (holding that "possibility that monies paid for costs will have to be gathered and transferred multiple times before the final successful party obtains their costs" is not grounds for a stay (quotation marks omitted)).

Grant Thornton, on the other hand, faces the possibility of "substantial harm" if the Court enters a stay.  As of the Trustee's last report, there was $1,925,670.15 remaining in the Trust.  ECF 1669, No. 12-19084-BKC-RBR.  If Grant Thornton is forced to wait months or years as the Trustee's appeal resolves, there is a very real chance that there will be nothing left in Trust to pay Grant Thornton's costs.

There is a strong public interest in enforcing judgments.  Grant Thornton, "having prevailed before this Court, [is] entitled to recover taxable costs at this time, despite [the Trustee's] pending appeal."  *Scott*, 2013 WL 773471, at *1.  The risk of injury from delay falls entirely on Grant Thornton.

### III. THE REQUEST FOR A STAY IS MADE FOR AN IMPROPER PURPOSE

Finally, the Trustee seeks this stay in order to obtain a strategic advantage in a related appeal from the Bankruptcy Court.  Such gamesmanship should not be rewarded by this Court.  After winning summary judgment, Grant Thornton served an Offer of Judgment on the Trustee under Florida Rule of Civil Procedure 1.442 and Florida Statute § 768.79.  The defendants in the related adversary proceeding, Davis Graham & Stubbs LLP and S. Lee Terry, Jr., likewise served multiple Offers of Judgment.  The Trustee allowed each of these offers to expire without

4

response. Accordingly, under Florida law, if the Trustee fails to recover at least 75% of the amount offered, he will be required to pay that defendants' attorney fees and costs from the date of the offer of judgment forward.

Grant Thornton filed a motion for allowance of contingent administrative expense claim, ECF 1593, Case No. 12-19084-BKC-RBR, to protect its entitlement to payment against the Liquidating Trust's assets as a priority and with equal dignity to other administrative claims pending against the Trust. The Bankruptcy Court denied that motion, ECF 1651, Case No. 12-19084-BKC-RBR, and Grant Thornton moved for leave to appeal to this Court. The Trustee opposed Grant Thornton's motion for leave to appeal, arguing that the appeal was premature until after a judgment for fees and costs has been entered. ECF 7, Case No. 18-cv-60526-DPG. That motion remains pending.

The Trustee seeks to defer a ruling on Grant Thornton's motion to tax costs so as to delay entry of a judgment for fees and costs, bolstering his argument that Grant Thornton's appeal on the administrative expense issue is premature. This gamesmanship is inequitable, unfair, and highly prejudicial to Grant Thornton, and the request for stay should be denied.

## **CONCLUSION**

The Court should deny the Trustee's procedurally improper request for a stay and rule on Grant Thornton's motion for costs. Alternatively, to avoid any prejudice to Grant Thornton, the Court should require the Trustee to post a supersedeas bond in the amount of Grant Thornton's requested costs.

Dated: this the 6th day of April, 2018          Respectfully submitted,

| | | |
|---|---|---|
| By: /s/ Andrés Rivero<br>Andrés Rivero<br>Florida Bar No. 613819<br>arivero@riveromestre.com<br>RIVERO MESTRE LLP<br>2525 Ponce de Léon Blvd.,<br>Suite 100<br>Miami, Florida 33134<br>Telephone: (305) 445-2500<br>Facsimile: (305) 445-2505 | L. Louis Mrachek<br>Florida Bar No. 182880<br>lmrachek@mrachek-law.com<br>MRACHEK, FITZGERALD,<br>ROSE, KONOPKA,<br>THOMAS & WEISS, P.A.<br>505 S. Flagler Drive,<br>Suite 600<br>West Palm Beach, FL 33401<br>Telephone: (561) 655-2250<br>Facsimile: (561) 655-5537 | Kevin M. Dinan*<br>WDC Bar No. 406627<br>kdinan@kslaw.com<br>KING & SPALDING LLP<br>1700 Pennsylvania Ave., NW<br>Washington, DC 20006<br>Telephone: (202) 737-0500<br>Facsimile: (202) 626-3737<br><br>Cheri A. Grosvenor*<br>Georgia Bar No. 314360<br>cgrosvenor@kslaw.com<br>KING & SPALDING LLP<br>1180 Peachtree Street, N.E.<br>Atlanta, Georgia 30309-3521<br>Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100<br>*Admitted *Pro Hac Vice* |

*Attorneys for Defendant Grant Thornton LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

                                                  s/   Andrés Rivero
                                                  Andrés Rivero
                                                  Florida Bar No. 613819
                                                  RIVERO MESTRE LLP
                                                  2525 Ponce de Léon Blvd., Suite 100
                                                  Miami, Florida 33134
                                                  Telephone:  (305) 445-2500
                                                  Facsimile:  (305) 445-2505
                                                  e-mail: arivero@riveromestre.com

                                                  *Attorneys for Defendant Grant Thornton LLP*