UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61194-CIV-SCOLA/SNOW

SONEET R. KAPILA, Liquidating
Trustee of the SMF Energy Liquidating
Trust,

        Plaintiff,

vs.

GRANT THORNTON LLP, an Illinois
Limited Liability Partnership,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Defendant Grant Thornton LLP's Motion to Tax Costs (ECF No. 54), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation. The Motion is fully briefed and it is ripe for consideration.

This was an action by the Liquidating Trustee against Grant Thornton, an accounting firm, alleging claims for professional negligence/accounting malpractice (Count I), negligent misrepresentation (Count II), aiding and abetting breach of fiduciary duty (Count III), fraudulent transfer (Count IV), avoidable preference (Count V) and turnover of books and records (Count VI). On March 9, 2017, the Court entered summary judgment in favor of the Defendant on Counts I, II and III, based on the defense of *in pari delicto.* (ECF No. 20) Judgment was entered in favor of the Defendant on Counts I-III on January 30, 2018. (ECF No. 44)

The Defendant asks the Court to tax costs in the total amount of $83,901.91, based on $19,777.20 in fees for deposition transcripts and $64,124.71 in costs of making copies. (ECF No. 54-1 at 2) The Plaintiff first requests that the Court defer ruling pending resolution of the Plaintiff's appeal, but the Court has denied this request. (ECF No. 56) Alternatively, the Plaintiff argues that the Defendant has not made a sufficient showing that the copies were necessarily obtained for use

in the case or that the costs of making the copies was reasonable. The Plaintiff has not objected to the claimed deposition costs.

## I. ANALYSIS

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

The Defendant first seeks taxation of $19,777.20 in deposition transcript costs, with supporting invoices. (ECF No. 54-2 at 8-58) The Plaintiff has not objected to the Defendant's entitlement to these costs or to the amount claimed. Since these costs clearly are taxable under § 1920, they should be awarded.

The Defendant also claims a total of $64,124.71 in costs of making copies, to which the Plaintiff objects. In Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1340

(M.D. Fla. 2002), the Court noted that under 28U.S.C. § 1920(4) photocopying is compensable if it was necessarily obtained for use in the case. "In making this determination, 'the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.'" Id. at 1340, quoting E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). The court further noted that the burden of establishing entitlement to copying costs lies with the prevailing party, citing Desisto College, Inc. v. Town of Howey-in-the Hills, 718 F.Supp. 906, 910 n.1 (M.D. Fla. 1989) (holding that the prevailing party must itemize photocopying costs to distinguish compensable copies from those made for the convenience of counsel).

The Scelta court held that billing records which merely list "copies" or "photocopies" without any description of the nature or purpose of the photocopying was insufficient. The court acknowledged that although an accounting for each photocopy was implausible, the prevailing party must make some attempt to differentiate recoverable copying costs from non-recoverable general photocopying expenses. Scelta, 203 F. Supp.2d at 1340, citing Fulton Fed. Savings & Loan Assoc. of Atlanta v. American Ins. Co., 143 F.R.D. 292, 300 (N.D. Ga. 1991).

In the instant case, the Defendant has provided a detailed breakdown of its copying costs.  The first category of costs deals with more than 1.5 million copies provided to the Plaintiff pursuant to the Plaintiff's discovery requests, for a total cost of $47,682.56, which includes the hard drive utilized to produce the images.[1]  The second category consists of the costs of making copies of materials produced by the Plaintiff in discovery, since the Plaintiff elected to permit inspection of hard copies rather than transmitting copies to the Defendant.  The cost of making these copies was $16,442.15.  All of the claimed costs are summarized in the Motion, and are supported by the sworn declaration of Cheri A. Grosvenor, one of the Defendant's attorneys and the sworn declaration of

---

[1] The Defendant notes that the cost of the hard drives was $450.00, and was necessary to produce documents in the format requested by the Plaintiff.  (ECF No. 60 at 2)  The Defendant also points out that the costs per page of the copies produced in discovery was $.03.  Id. at 6.

Katya Velando, a manager of the Defendant, together with corresponding invoices and production cover letters. (ECF Nos. 54-2 and 54-3)

After a careful review of the supporting documentation supplied by the Defendant, the undersigned finds that the Defendant has established that the claimed costs are for copies necessarily obtained for use in the case and the amount of the costs is reasonable. Accordingly, the claimed costs for copies also is fully taxable.

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Defendant Grant Thornton LLP's Motion to Tax Costs (ECF No. 54) be GRANTED, and that the Defendant be awarded costs in the amount of $83,901.91.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable Robert N. Scola, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 23rd day of May, 2018.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
    Counsel of record